822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE ASHCRAFT, Petitioner,
v.
NORTH AMERICAN COAL CORPORATION; Director, Office of
Workers' Compensation Programs; United States
Department of Labor, Respondents.
 No. 86-3501
 United States Court of Appeals, Sixth Circuit.
 July 9, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Claimant-petitioner George Ashcraft appeals from a decision of the Benefits Review Board affirming the Administrative Law Judge's (ALJ) denial of benefits under the Black Lung Act, see 30 U.S.C. Secs. 801-962 (1982). Specifically, the Board and the ALJ found that the weight of the substantial evidence established that, from a respiratory or pulmonary standpoint, petitioner is able to perform his usual coal mine work. Petitioner asserts that the ALJ's decision is contrary to law and not supported by substantial evidence and argues further that the ALJ erroneously concluded that the interim presumption had been rebutted. After carefully reviewing the record, we affirm.
 
 
 2
 Petitioner was employed in the coal mines for approximately 38 years and retired from coal mining on July 21, 1980. In 1975, petitioner filed for benefits under the Black Lung Act, claiming he was totally disabled from pneumoconiosis. A hearing was held before an ALJ and medical evidence was presented by both sides. The ALJ initially concluded that based upon the x-rays and documented physicians' opinions submitted into evidence petitioner was entitled to the interim presumption under 20 C.F.R. Sec. 727.203(a) (1985). The ALJ went on to conclude, however, that the opinion of Dr. Gillespie, together with the preponderance of the other medical and lay evidence, established that petitioner had the ability to do his usual coal mining work.[1] Thus, the ALJ held that the interim presumption had been rebutted, see 20 C.F.R. Sec. 727.203(b)(2) (1984), and therefore denied benefits. The Benefits Review Board affirmed the decision of the ALJ as supported by substantial evidence.
 
 
 3
 On appeal, the central issue before this Court is whether the interim presumption of total disability due to pneumoconiosis, invoked by chest x-ray and arterial blood gas tests, has been rebutted[2] by showing that the miner is able to perform his usual coal mine work. This court has held that rebuttal is met if the well-reasoned, documented, medical opinions of record establish that the only impairment which can cause compensable disability is not totally disabling or if the presumed respiratory impairment is shown to be non-existing. Ramey v. Kentland Elkhorn Coal Corporation, 755 F.2d 485, 486 (6th Cir. 1985). Moreover, in determining rebuttal under Sec. 727.203(b)(2), proof of vocational disability is not required when it is shown that, from a pulmonary or respiratory standpoint, the miner is able to do his usual coal mine work. Id. Furthermore, this circuit has held that in determining whether the presumption has been rebutted under Sec. 727.203(b)(2), the trier of fact cannot weigh clinical tests invoking the interim presumption against a physician's opinions on the extent of the respiratory or pulmonary condition. Id.[3] With the above framework in mind, we now turn to petitioner's specific contentions.
 
 
 4
 Petitioner first argues that his last usual coal mine work was that of continuous miner operator. Specifically, he contends that since the ALJ did not find that he could perform the less strenuous duties of that position, it was improper for the Board to affirm the ALJ's decision. We disagree. Generally, the inferences drawn by the ALJ regarding a claimant's ability to perform his usual coal miner work should be affirmed if they are rational and supported by the evidence in the record. See Peabody Coal v. Benefits Review Board, 560 F.2d 797 (7th Cir. 1977). Here, the ALJ in his initial decision found that the hyster operator position was the miner's last coal mine employment for purposes of rebuttal of the interim presumption. The ALJ specifically found that this position required more physical exertion than the prior position of continuous miner operator, and credited Dr. Gillespie's testimony that the miner was capable of doing both his prior continuous miner and hyster operator jobs. After careful review of the record, we believe the ALJ's conclusions are rational and supported by substantial evidence.
 
 
 5
 The petitioner next argues that because he left the continuous miner operator position due to the 'dusty environment', that fact would preclude rebuttal under Sec. 727.203(b)(2). We disagree. Not only is there no authority to support petitioner's contention, this court has recently held that medical contraindications of continued employment due to dust exposure does not prevent rebuttal under Sec. 727.203(b)(2). See Ramey, 755 F.2d 485.
 
 
 6
 The petitioner also argues that because his duties as a hyster operator decreased when the mine neared closing and that his position no longer exists because the mine closed, rebuttal under Sec. 727.203(b)(2) cannot be established. We again disagree. Since any changes that may have occurred in petitioner's duties between November 1976 and his retirement on July 21, 1980 were due to mine attrition, those factors have no bearing on the issue before this court. As this court has recognized, 'benefits are to be based on an inability to work due to disability not due to unemployment . . . [the Act] does not require the employer to be a successful employment agency.' Shamrock Coal Co., Inc. v. Lee, 751 F.2d 187 (6th Cir. 1985).
 
 
 7
 Finally, the petitioner argues that there was no basis for the ALJ's rejection of Dr. Pandian's opinion that the miner was 'unfit for coal mine work.' He contends that Dr. Pandian's opinion was better reasoned and documented than Dr. Gillespie's. Again, we must disagree. Petitioner appears to ignore several significant facts: (1) Dr. Pandian is an anesthesiologist, not a pulmonary specialist; (2) there is no evidence that Dr. Pandian took, or knew, the miner's occupational history other than he was a coal miner; (3) his medical data was limtied to a physical examination, pulmonary and respiratory history,[4] chest x-ray and pulmonary function studies (within normal limits); and (4) the miner continued to work in his regular position for a year and a half after Dr. Pandian had seen him.[5]
 
 
 8
 Accordingly, given that the ALJ's decision is supported by substantial evidence and that the employer submitted sufficient evidence to rebut the interim presumption, we affirm the decision of the Board of Review.
 
 
 
 [1]
 The denial of black lung benefits in this case is premised on the following findings of the ALJ: that the miner's most recent coal mine employment as a hyster operator, a position for which the claimant voluntarily bid, required more physical exertion than the miner's former job as a continuous operator; that from a pulmonary or respiratory standpoint, the miner was fully physically capable of performing his hyster operator job and there was no evidence of reduced ability to perform this job; that from a pulmonary or respiratory standpoint, the miner was also fully physically capable of performing his prior continuous miner operator job and there was no evidence of reduced ability to perform this job; that the miner had successfully engaged in his regular and usual coal mine employment for one or one-and-a-half years after the medical evidence which had triggered the applicable statutory presumption, until he chose to retire for reasons unrelated to physical disability
 
 
 [2]
 In relevant part, the rebuttal provision found at $727.203(b)(2) states:
 '(b) Rebuttal of Interim Presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption . . . shall be rebutted if:
 * * *
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work. . . .'
 
 
 [3]
 Respondents thus conclude that medical opinions of no compensable disability, based on objective tests including ventilatory function and arterial blood gas tests which would qualify for the interim presumption of total disability, may constitute substantial evidence for purposes of the interim presumption's rebuttal
 
 
 [4]
 It should be noted that Dr. Gillespie is an expert in pulmonary physiology. His examination consisted of a complete medical and occupational history, a complete medical examination, chest x-ray, electro cardiogram and pulminary studies
 
 
 [5]
 There is no evidence that during the last years of petitioner's employment with North American his work performance was sporadic or poor, that he had reduced ability to perform his job, that he was relieved of any of his duties or that his position was 'makeshift' work